UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

JOHN ZACHARIE                        *CIVIL ACTION NO. 6:13-0024

VS.                                         *JUDGE DOHERTY

BRIDGESTONE AMERICAS, INC.     *MAGISTRATE JUDGE HILL

REPORT AND RECOMMENDATION

Before the Court is the Motion to Dismiss filed by defendant Bridgestone Americas, Inc. ("Bridgestone") [rec. doc. 5]. Plaintiff John Zacharie ("Zacharie") has not filed a memorandum in opposition to Bridgestone's Motion. By this Motion, Bridgestone contends that Zacharie's state law claims against it are preempted by ERISA.[1] The Motion has been referred to the undersigned for Report and Recommendation. [rec. doc. 9]. For the following reasons, it is recommended that Bridgestone's Motion to Dismiss be **GRANTED**, and plaintiff's state law claims against Bridgestone be **DISMISSED WITH PREJUDICE**.

Background

This Court's records demonstrate that this is the second lawsuit filed by Zacharie seeking health benefits under the Bridgestone Americas, Inc. Medical Expense Benefits Plan (hereinafter the "Plan"), an ERISA governed plan, provided by his former employer. [6:11-cv-0604, rec. doc. 13-1]. In that suit, Zacharie asserted a state law claim for

---

[1]The Employment Retirement Income Security Act (ERISA), 29 U.S.C. §1001, et. seq.

1

negligence based on alleged overcharging for premiums by Bridgestone. [*Id*. at rec. doc. 1-2, pg. 2-3]. Bridgestone removed the case to this court pursuant to 28 U.S.C. § 1441, under this court's federal question jurisdiction (28 U.S.C. § 1331). [*Id.* at rec. doc. 1]. Thereafter, Bridgestone filed a Motion for Summary Judgment asserting that plaintiff's state law negligence claim was preempted by ERISA. [*Id.* at rec. doc. 14]. As in the present case, Zacharie filed no Opposition to the Motion. On December 8, 2011, the Court granted Bridgestone's Motion, and accordingly dismissed Zacharie's state law claim with prejudice. [*Id.* at rec. doc. 20].

In December 2012, Zacharie filed the instant lawsuit in state court. By this action, Zacharie challenges his continuing eligibility for medical benefits under the Plan, asserting state law causes of action for negligence and breach of contract, asserting that Bridgestone's actions have caused him to suffer lost benefits and medical expenses. [rec. doc. 1-1, ¶ II, IX, XI]. He further seeks a temporary restraining order to prohibit Bridgestone from terminating and/or denying petitioner benefits under the Plan. [*Id.*, at, ¶ XIV and prayer for relief].

Law and Analysis

There are two types of ERISA preemption: complete preemption under § 502(a) (the civil enforcement provision codified at 29 U.S.C. § 1132(a)(1)(B)) and express or conflict preemption under § 514 (the preemption provision codified at 29 U.S.C. § 1144(a)).

Complete preemption occurs when a federal statute wholly displaces a state law cause of action and in effect converts the state law claim, even if pleaded in terms of state law, into a federal cause of action.  *Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58, 62-66 (1987); *AETNA Health, Inc., v. Davila*, 542 U.S. 200, 207-211, 124 S.Ct. 2488 (2004).  The ERISA civil enforcement provision codified at 29 U.S.C. §1132(a)(1)(B) is one such statute. *Id*.  Hence, state law causes of action "within the scope of" the civil enforcement provision are completely preempted.  *Id*.; *Arana v. Ochsner Health Plan,* 338 F.3d 433, 437 (5th Cir. 2003).

Express or conflict preemption exists when a state law or claim "relates to" an ERISA plan unless it "regulates insurance."  *Haynes v. Prudential Healthcare*, 313 F.3d 330, 334 (5th Cir. 2002) *citing  Pilot Life Insurance Company v. Dedeaux*, 481 U.S. 41, 45 (1987).

Bridgestone argues that Zacharie's claims against it are both completely and conflict preempted.  Bridgestone's position is well taken.

ERISA's civil enforcement provision, codified at 29 U.S.C. §1132(a)(1)(B), provides that a civil action may be brought by an ERISA plan participant or beneficiary "to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the plan." *Id*.   If a state law cause of action is "within the scope of" this civil enforcement provision, the action is completely preempted. *Davila, Taylor, supra*.; *Arana,* 338 F.3d at 437.  Suits "to recover

3

benefits from a covered plan . . . fall[] directly under § 502(a)(1)(B) of ERISA", which provides an exclusive cause of action for resolution of such disputes." *Taylor,* 481 U.S. at 63-64; *Davila*, 542 U.S. at 214.

Zacharie brings this suit to rectify an alleged wrongful termination of medical benefits allegedly due him under the terms of the Bridgestone ERISA regulated plan. More specifically, Zacharie asserts claims, purportedly under Louisiana state law, against Bridgestone for medical benefits which he did not receive under the Plan. As such, Zacharie's claims against Bridgestone can fairly be characterized as claims "to recover benefits" due him under the terms of the Plan. This conclusion is bolstered by the loss allegedly suffered by Zacharie, "lost benefits and medical expenses", as well as the injunctive relief sought by plaintiff, that is, an order prohibiting the termination or denial of benefits under the Plan.

In sum, Zacharie's claims against Bridgestone are not entirely independent of the federally regulated plan. To the contrary, the Plan forms an essential part of Zacharie's claims, and in the absence of evidence to the contrary, Bridgestone's potential liability in this case derives entirely from the rights and obligations established by the Plan. Thus, ERISA forms the exclusive basis for recovery herein. *See Davila*, 542 U.S. at 213-214.

The undersigned's conclusion is further bolstered by decisions of the Supreme Court holding that ERISA's civil enforcement provision displaces state common law breach of contract, tort and bad faith claims as well as claims for extra-contractual

damages like those plaintiff attempts to assert herein. *Taylor*, 481 U.S. 58, 60 and 64-65 (1987); *Pilot Life Insurance Company v. Dedeaux*, 481 U.S. 41, 54 (1987); *Massachusetts Mutual Life Insurance Company v. Russell*, 473 U.S. 134, 144 (1985).

If this were not the case and "ERISA plan participants and beneficiaries were free to obtain remedies under state law . . .", "the federal scheme would be completely undermined . . . ." *Taylor,* 481 U.S. at 64-65; *Pilot Life*, 481 U.S. at 54. Thus, there is no legal basis for Zacharie's state law claims against Bridgestone as those claims are displaced and supplanted by ERISA's civil enforcement provision, § 1132(a)(1)(B). Zacharie's claims against Bridgestone are completely preempted. Accordingly, dismissal of these claims is proper.

Moreover, even if Zacharie's claims against Bridgestone were not completely preempted by ERISA's civil enforcement provision, the claims would be found expressly or conflict preempted by the ERISA preemption provision. That provision states that ERISA "shall supercede any and all State laws insofar as they may now or hereafter relate to any employer benefit plan . . . . " 29 U.S.C. §1144(a). The Supreme Court has held that the ERISA preemption provision is "deliberatively expansive . . ." and has therefore been construed broadly by federal courts. *Pilot Life*, 481 U.S. at 46; *Hubbard v. Blue Cross & Blue Shield Association*, 42 F.3d 942, 945 (5th Cir. 1995). Considering the expansive sweep of the provision, a state cause of action "relates to an employee benefit

plan whenever it has a connection with or reference to such a plan." *Hubbard*, 42 F.3d at 945; *Pilot Life*, 481 U.S. at 47.

Generally, ERISA preempts a state law claim "if (1) the state law claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claim directly affects the relationship between the traditional ERISA entities – the employer, the plan and its fiduciaries, and the participants and the beneficiaries.'" *Hubbard,* 42 F.3d at 945. The Fifth Circuit has held that the fact that a claim seeks damages measured by plan benefits suffices as the requisite "connection to" an employee benefit plan for preemption purposes. *Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1218 (5th Cir. 1992) *citing Cefalu v. B.F. Goodrich Co.*, 871 F.2d 1290, 1294 (5th Cir. 1989). Additionally, "[w]hen a court must refer to an ERISA plan to determine the plaintiff's . . . benefits and compute the damages claimed, the claim relates to an ERISA plan." *Epps v. NCNB Texas*, 7 F.3d 44, 45 (5th Cir. 1993). Moreover, when resolution of a claim would require an inquiry into questions intricately bound up with the interpretation and administration of an ERISA plan, the claim "relates to", and hence is preempted by, ERISA. *Hubbard*, 42 F.3d at 946.

The nature of the allegations presented in Zacharie's petition, as well as the relief sought herein, indicate that Zacharie's claims against Bridgestone involve the precise claims preempted by ERISA, that being the right to receive benefits, a claim directly affecting the relationship between the traditional ERISA entities – the employer, the plan

6

and its fiduciaries and the participants and beneficiaries.  *Hubbard*, *supra.*  Moreover, Zacharie's claims have a definite "connection to" the Bridgestone plan.  If successful in this lawsuit, Zacharie would receive the equivalent of the medical benefits denied him under the Plan.  Finally, resolution of Zacharie's claims would require, at a minimum, an inquiry into questions intricately bound up with the interpretation and administration of the Bridgestone ERISA plan.  As such, Zacharie's claims are clearly "related to" an ERISA regulated benefit plan.  *Hubbard*, 42 F.3d at 946.

Zacharie has not presented any evidence to dispute ERISA preemption over his state law claims against Bridgestone, and this Court's records reveal no basis to allow these claims to remain pending.  Zacharie's state law claims are expressly or conflict preempted by ERISA.  Dismissal of these claims is therefore proper.

For the foregoing reasons, **IT IS RECOMMENDED** that Bridgestone's Motion to Dismiss be **GRANTED**, and plaintiff's state law claims against Bridgestone be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**  *See Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

A courtesy copy of any objections or responses shall be provided to the District Judge at the time of filing.

Signed this 21st day of March, 2013, at Lafayette, Louisiana.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

Copy sent:  RFD
On:  3/21/2013
By:  MBD